IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-559-GPM |
| | ) |
| SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, et al., | ) ) |
| | ) |
| Defendants/Cross-Claim Plaintiffs/Cross-Claim Defendants. | ) ) ) |
| | ) |
| JEFF FOSTER TRUCKING, INC., a Wisconsin corporation, | ) ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| E.T. SIMONDS CONSTRUCTION COMPANY, | ) ) |
| | ) |
| Third-Party Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This case currently is before the Court on a motion brought by Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant Teton Transportation, Inc. ("Teton") to dismiss Count IV of the cross-claim asserted in this case by Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Third-Party Plaintiff Jeff Foster Trucking, Inc. ("Jeff Foster") (Doc. 52). Plaintiff David Payne brings this action against Defendants/Cross-Claim Plaintiffs/Cross-Claim

Defendants Schneider National Carriers, Inc. ("Schneider"), Jeff Foster, and Teton seeking damages for personal injuries sustained in a major traffic accident that occurred on April 21, 2009, on Highway 57 in Franklin County, Illinois. In this action, which was filed originally in the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois, and which has been removed to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, Payne asserts claims for negligence against Schneider, Jeff Foster, and Teton. Schneider, Jeff Foster, and Teton in turn have asserted cross-claims against one another for contribution pursuant to the Illinois Joint Tortfeasor Contribution Act ("IJTCA"), 740 ILCS 100/0.01 *et seq*. Additionally, Teton is cross-claiming against Jeff Foster for sums that Teton's insurer, Lexington Insurance Company, has been required to expend for cargo carried by Teton that was destroyed in the accident giving rise to this case, allegedly as a result of negligence on the part of Jeff Foster, and Jeff Foster has asserted a claim for contribution against Third-Party Defendant E.T. Simonds Construction Company. Teton has moved to dismiss a portion of Jeff Foster's operative cross-claim in this case (Doc. 48) that seeks contribution from Teton for expenses of $64,145.63 that Jeff Foster owes to Freeman Environmental Services, Inc. ("Freeman"), for a clean-up performed by Freeman of diesel fuel spilled on Highway 57 as a result of the accident giving rise to this case. Having considered the matter carefully, the Court rules as follows.

## II. A<small>NALYSIS</small>

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the

case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint should not be dismissed under Rule 12(b)(6) unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitle[ment] to relief ... requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

The issue presented by Teton's motion to dismiss is straightforward: whether Jeff Foster can assert a claim for contribution against Teton in connection with the environmental clean-up performed by Freeman in this action or is required to assert such a claim by way of a third-party complaint in an action brought by Freeman against Jeff Foster in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois. Under the IJTCA, "[a] cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." 740 ILCS 100/5.[1] As an initial

---

1. The Illinois Civil Justice Reform Amendments of 1995 amended 740 ILCS 100/5, but were held unconstitutional in their entirety by the Supreme Court of Illinois. *See Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1100-04 (Ill. 1997). "The effect of enacting an unconstitutional act is to leave the law in force as it was before the enactment of the unconstitutional act." *Hurst v. Capital Cities Media, Inc.*, 754 N.E.2d 429, 438 (Ill. App. Ct. 2001). Therefore, the version of Section 5 of the IJTCA that was in effect before the 1995 amendment is the version of the statute that is pertinent in this case. *See id*.

matter, then, the Court must determine whether Section 5 of the IJTCA constitutes state substantive law so as to be applicable in this case. Because federal courts lack constitutional power to fashion broad swathes of federal common law, in general state law furnishes the rule of decision in federal court absent a countervailing federal interest that mandates the application of federal law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002); 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4520 (3d ed. 1998 & Supp. 2009) (collecting cases). Conversely, federal law, rather than state law, governs matters of procedure in federal court. *See Hanna v. Plumer*, 380 U.S. 460, 464-65 (1965); *Kijowska v. Haines*, 463 F.3d 583, 589 (7th Cir. 2006).

The standard for determining whether state law is procedural or substantive for purposes of the applicability of such law in federal court is the "outcome-determinative" test, which requires a court to examine whether a given state law reflects an intent by a state to influence substantive outcomes of cases and whether a refusal to apply state law would encourage parties to forum-shop in federal court. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346 (7th Cir. 1997). The United States Court of Appeals for the Seventh Circuit has instructed that, in applying the outcome-determinative test,

> [one] class of pretty easy cases is where the state procedural rule, though undeniably "procedural" in the ordinary sense of the term, is limited to a particular substantive area, such as . . . tort law . . . . For then the state's intention to influence substantive outcomes is manifest and would be defeated by allowing parties to shift their litigation into federal court unless the state's rule was applied there as well.

*S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995). *See also LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1046 (S.D. Ill. 2006). In this instance, 740

ILCS 100/5 is limited to claims for contribution in negligence actions and is outcome-determinative as to the relative fault of joint tortfeasors, and a refusal to enforce the statute in federal court likely would result in a shift of negligence actions out of state court and into federal court, defeating the state's intent to influence substantive outcomes. Therefore, the Court concludes that Section 5 of the IJTCA is substantive state law that furnishes the rule of decision in this action.

The Court turns next to the question of whether the statute permits Jeff Foster to assert a claim for contribution against Teton in this action in connection with the environmental clean-up performed by Freeman. By its terms, 740 ILCS 100/5 authorizes a claim for contribution to be maintained by way of a suit by a party seeking contribution, a counterclaim, or a third-party complaint in a pending action against the party seeking contribution. In *Laue v. Leifheit*, 473 N.E.2d 939 (Ill. 1984), the Illinois Supreme Court, the decisions of which are binding, of course, on the Court in this diversity case, *see Kaplan v. Pavalon & Gifford*, 12 F.3d 87, 89 (7th Cir. 1993), interpreted the statute. The *Laue* court concluded that "the language in section 5 providing that a contribution claim may be asserted by a 'separate action before or after payment' covers situations where no suit is pending which was initiated by the injured party; however, when there is a pending action, the contribution claim should be asserted 'by counterclaim or by third-party claim' *in that action*." 473 N.E.2d at 941 (quoting *Tisoncik v. Szczepankiewicz*, 446 N.E.2d 1271, 1275 (Ill. App. Ct. 1983)) (emphasis in original). Thus, the *Laue* court held, "We believe it is clear from the statutory language in section 5 that if there is a pending action, which there was in the instant case, then the party seeking contribution must assert a claim by counterclaim or by third-party claim in that action." *Id*. at 941-42. It appears from a copy of a complaint filed by Freeman in state court in Williamson County that is attached as an exhibit to Teton's motion to dismiss Count IV of

Jeff Foster's cross-claim that on August 25, 2009, Freeman sued Jeff Foster for breach of contract by reason of Jeff Foster's failure to pay Freeman $64,145.63 for Freeman's clean-up of diesel fuel spilled on Highway 57 as a result of the accident on April 21, 2009, giving rise to this case. The Court can judicially notice Freeman's state-court complaint against Jeff Foster. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (in deciding a Rule 12(b)(6) motion to dismiss a court may take judicial notice of matters of public record, including court documents). On February 4, 2010, Jeff Foster filed its cross-claim against Teton for contribution in connection with the environmental clean-up by Freeman. The Court concludes that, in view of the plain language of Section 5 of the IJTCA, Jeff Foster's claim for contribution against Teton in connection with the environmental clean-up performed by Freeman set out in Count IV of Jeff Foster's cross-claim must be asserted by way of a third-party complaint in Freeman's state-court action against Jeff Foster. Accordingly, Teton's motion to dismiss Count IV of Jeff Foster's cross-claim will be granted.

### III. CONCLUSION

Teton's motion to dismiss Count IV of Jeff Foster's cross-claim for contribution against Teton (Doc. 52) is **GRANTED**. Count IV of Jeff Foster's cross-claim (Doc. 48) is **DISMISSED without prejudice** to re-filing of the claim by way of a third-party complaint against Teton by Jeff Foster in Freeman's action against Jeff Foster in state court.

**IT IS SO ORDERED.**

DATED: February 22, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge