IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID PAYNE and SHERRIE PAYNE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-559-GPM |
| | ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., JEFF FOSTER TRUCKING, INC., and TETON TRANSPORATION, INC., | ) ) ) | Consolidated with: CIVIL NO. 10-258-GPM |
| | ) | |
| Defendants/Cross-Claimants. | ) | |
| | ) | |
| JEFF FOSTER TRUCKING, INC., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.T. SIMONDS CONSTRUCTION COMPANY and DALE STUMBO, | ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This Court previously granted the motion for a mental examination of Plaintiff Donald Troyer brought by Defendant/Cross-Claimant/Cross-Defendant/Third-Party Plaintiff Jeff Foster Trucking, Inc. ("Jeff Foster"), and thereby ordered that Donald Troyer submit to an independent medical examination by C. Robert Cloninger, M.D., a licensed and board-certified psychiatrist. Jeff Foster proposed Dr. Cloninger to conduct the examination in its Rule 35 motion. To date, no party has objected to Jeff Foster's choice of Dr. Cloninger to perform the requested Rule 35 examination, and therefore the Court concludes that Dr. Cloninger should perform the

incomplete
truncated output

examination. *See Chrissafis v. Continental Airlines, Inc.*, No. 95 C 5080, 1997 WL 534874, at *5 (N.D. Ill. Aug. 21, 1997) (citing *Powell v. United States*, 149 F.R.D. 122, 124 (E.D. Va. 1993)) ("While defendant may not have an absolute right to choose its examining doctor, the defendant's choice should be respected in the absence of a valid objection."). In its order granting Jeff Foster's request for a mental examination of Donald Troyer the Court directed counsel for Donald Troyer and Jeff Foster to meet and confer for the purpose of determining the specific time, place, manner, conditions, and scope of the mental examination of Donald Troyer. The parties having now come to an agreement for the specific time, place, manner, conditions, and scope of the examination ordered by this Court, it is hereby **ORDERED** that:

1. The examination will take place at 1:00 p.m. on February 18, 2011, at Dr. Cloninger's office, Barnes-Jewish Hospital (south) - Renard Building, 4940 Children's Place, Room 3308, St. Louis, Missouri 63110.

2. The examination will be confined to the scope of the psychological injuries and symptoms set forth in Donald Troyer's Amended Complaint at Law, made to his treating physicians, made to his treating mental health providers, and expressed during his deposition testimony, including, but not limited to, post traumatic stress disorder, decreased cognitive functioning (including memory impairment), emotional distress, mental anguish, and decreased psychosocial functioning.

3. Mr. Troyer's history will be taken by Dr. Cloninger to evaluate the mechanism and sequelae of the injuries, as well as to assess Mr. Troyer's pre- and post-occurrence functioning. As it relates to the subject motor vehicle incident, Mr. Troyer may provide Dr. Cloninger with a written statement. Additionally, an examination that will consist of a series of oral and potentially written

questions, and psychological and psychiatric tests that Dr. Cloninger deems necessary will be administered to effect a complete examination of the injuries and symptoms alleged by Mr. Troyer and to make a proper evaluation concerning issues of permanency and prognosis.

4. That no attorneys or other representatives of the parties will attend any part of the examination.

5. The parties have been unable to agree upon whether Plaintiff Donald Troyer or Defendant Jeff Foster should bear the reasonable and necessary travel expenses associated with Donald Troyer's mental examination by Dr. Cloninger. Mr. Troyer resides in Nixa, Missouri. The examination will take place in St. Louis, Missouri. Counsel for Mr. Troyer has represented that the distance from Nixa to St. Louis is approximately 250 miles. The Court hereby further orders that Mr. Troyer's reasonable and necessary travel expenses shall be borne by Mr. Troyer. *See McDonald v. Southworth*, No. 1:07-cv-217-JMS-DFH, 2008 WL 2705557, at **6-7 (S.D. Ind. July 10, 2008) (consistent with the general rule that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum, ordinarily a plaintiff must bear the costs of a Rule 35 examination, absent a showing that the plaintiff is destitute or that appearing in the forum for an examination otherwise would cause the plaintiff undue hardship).

**IT IS SO ORDERED.**

DATED: February 19, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge