IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID PAYNE and SHERRIE PAYNE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-559-GPM |
| | ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., JEFF FOSTER TRUCKING, INC., and TETON TRANSPORATION, INC., | ) ) ) | Consolidated with: CIVIL NO. 10-258-GPM |
| | ) | |
| Defendants/Cross-Claimants. | ) | |
| | ) | |
| JEFF FOSTER TRUCKING, INC., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| E.T. SIMONDS CONSTRUCTION COMPANY and DALE STUMBO, | ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This Court previously granted the motion for a physical examination of Plaintiff Donald Troyer brought by Defendant/Cross-Claimant/Cross-Defendant/Third-Party Plaintiff Jeff Foster Trucking, Inc. ("Jeff Foster"), and thereby ordered that Donald Troyer submit to an independent medical examination ("IME") by Michael P. Nogalski, M.D., a licensed and board-certified orthopedic surgeon. Jeff Foster proposed Dr. Nogalski to conduct the examination in its Rule 35 motion. To date, no party has objected to Jeff Foster's choice of Dr. Nogalski to perform the requested Rule 35 examination, and therefore the Court concludes that Dr. Nogalski

should perform the examination. *See Chrissafis v. Continental Airlines, Inc.*, No. 95 C 5080, 1997 WL 534874, at *5 (N.D. Ill. Aug. 21, 1997) (citing *Powell v. United States*, 149 F.R.D. 122, 124 (E.D. Va. 1993)) ("While defendant may not have an absolute right to choose its examining doctor, the defendant's choice should be respected in the absence of a valid objection."); 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2234.2 (3d ed. 1998 & Supp. 2010) ("[Rule 35] is silent about how the examiner is to be chosen. The usual attitude is that the moving party has no absolute right to the choice of the physician, but that when no serious objection arises, it is probably best for the court to appoint the doctor of the moving party's choice.") (collecting cases). In its order granting Jeff Foster's request for a physical examination of Donald Troyer the Court directed counsel for Donald Troyer and Jeff Foster to meet and confer for the purpose of determining the specific time, place, manner, conditions, and scope of the physical examination of Donald Troyer. The parties having now come to an agreement for the specific time, place, manner, conditions, and scope of the examination ordered by this Court, it is hereby **ORDERED** that:

    1.    The examination will take place at 2:00 p.m. on February 22, 2011, at Dr. Nogalski's office, Orthopedic Associates, LLC, 1050 Old Des Peres Rd., Suite 100, St. Louis, Missouri 63131.

    2.    The examination will be confined to the scope of the physical injuries and symptoms set forth in Donald Troyer's Amended Complaint at Law, made to his treating physicians, and expressed during his deposition testimony, namely his right shoulder injury.

    3.    Initially, Mr. Troyer's history will be taken by way of a form, which has been provided to Donald Troyer and his counsel in advance of the subject physical examination, to

evaluate the mechanism and sequelae of the injuries. This form may be prepared by Mr. Troyer prior to appearing for his IME. Additionally, examination and physical testing Dr. Nogalski deems necessary or desirable to effect a complete examination of the injuries and symptoms alleged by Mr. Troyer, specifically his right shoulder injury, will be completed, as well as the making of such films and other radiographic studies Dr. Nogalski deems advisable in order to make a proper evaluation concerning issues of permanency and prognosis.

4. The parties have been unable to agree upon whether Plaintiff Donald Troyer or Defendant Jeff Foster should bear the reasonable and necessary travel expenses associated with Donald Troyer's physical examination by Dr. Nogalski. Mr. Troyer resides in Nixa, Missouri. The examination will take place in St. Louis, Missouri. Counsel for Mr. Troyer has represented that the distance from Nixa to St. Louis is approximately 250 miles. The Court hereby further orders that Mr. Troyer's reasonable and necessary travel expenses shall be borne by Mr. Troyer. *See McDonald v. Southworth*, No. 1:07-cv-217-JMS-DFH, 2008 WL 2705557, at **6-7 (S.D. Ind. July 10, 2008) (consistent with the general rule that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum, ordinarily a plaintiff must bear the costs of a Rule 35 examination, absent a showing that the plaintiff is destitute or that appearing in the forum for an examination otherwise would cause the plaintiff undue hardship).

**IT IS SO ORDERED.**

DATED: February 19, 2011

/s/ G. Patrick Murphy  
G. PATRICK MURPHY  
United States District Judge