IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID PAYNE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-559-GPM |
| ) | |
| SCHNEIDER NATIONAL CARRIERS, ) | Consolidated with: |
| INC., et al., ) | CIVIL NO. 10-258-GPM |
| ) | |
| Defendants/Cross-Claim Plaintiffs/ ) | |
| Cross-Claim Defendants. ) | |
| ) | |
| JEFF FOSTER TRUCKING, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DALE STUMBO, ) | |
| ) | |
| Third-Party Defendant. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case is before the Court on a motion in limine brought by Cross-Claim Plaintiff Schneider National Carriers, Inc. ("Schneider") (Doc. 176). Schneider requests that the Court take the following actions:

      (1)    exclude in limine before trial evidence or argument concerning liability insurance, indemnification, collateral sources, or related subjects;

      (2)    exclude in limine before trial evidence or argument concerning other lawsuits, clients, legal advice, or legal matters not connected to the accident giving rise to this case with which

Schneider or its counsel has had any involvement;

(3)  exclude in limine before trial evidence or argument concerning settlement offers or negotiations;

(4)  exclude in limine before trial evidence or argument concerning Schneider's income or financial status, Schneider's corporate or ultimate ownership, and Schneider's relative wealth or economic clout;

(5)  exclude in limine before trial evidence or argument concerning other incidents, injuries, claims, suits, or settlements involving Schneider or Third-Party Defendant Dale Stumbo not connected to the accident giving rise to this case;

(6)  exclude in limine before trial evidence not previously disclosed or produced in discovery;

(7)  exclude non-party witnesses from the courtroom during trial, except when testifying;

(8)  exclude in limine before trial evidence or argument concerning per diem or unit of time arguments in support of damages for pain and suffering;

(9)  exclude in limine before trial testimony by witnesses about the contents of medical records;

(10)  exclude in limine before trial testimony by witnesses about out-of-court statements made by physicians or other healthcare providers concerning alleged diagnosis, treatment, or future damages or any other comment made by a physician; and

(11)  exclude in limine before trial evidence or argument concerning a photograph taken at the scene of the accident giving rise to this case by Jackie McPherson, a reporter for

television station WSIL, shortly after the accident occurred.

Having considered the matter carefully, the Court rules on Schneider's in limine requests in the following manner:

(1) With respect to Schneider's in limine request (1), the request is **GRANTED**. *See King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006) (citing Fed. R. Evid. 411) (evidence of liability insurance is generally inadmissible, save for limited purposes not at issue here); *Wilson v. Hoffman Group, Inc.*, 546 N.E.2d 524, 530 (Ill. 1989) ("[B]enefits received by the injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor."). *See also Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109-10 (4th Cir. 1995) (the collateral source rule is substantive state law that is binding on federal courts sitting in diversity jurisdiction).

(2) With respect to Schneider's in limine request (2), the request is extremely vague and overbroad, and therefore Schneider's in limine request (2) is **DENIED**. *See Green v. Goodyear Dunlop Tires N. Am., Ltd.*, Civil No. 08-472-GPM, 2010 WL 747503, at *1 (S.D. Ill. Mar. 2, 2010) (quoting *Juracek v. City of O'Fallon, Ill. Police Dep't*, Civil No. 05-787-GPM, 2007 WL 3407367, at *3 (S.D. Ill. Nov. 14, 2007)) ("Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose and, 'if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context.'").

(3) With respect to Schneider's in limine request (3), the request is **GRANTED**. *See* Fed. R. Evid. 408 (in general, evidence of settlement negotiations and offers is inadmissible, save with exceptions not relevant here).

(4) With respect to Schneider's in limine request (4), the request is **GRANTED**. *See Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal."); Fed. Civ. Jury Instr. 7th Cir. 1.03 (2010) ("A corporation is entitled to the same fair consideration that [a jury] would give any individual person.").

(5) With respect to Schneider's in limine request (5), the request is extremely vague and overbroad, and therefore Schneider's in limine request (5) is **DENIED**. *See Green*, 2010 WL 747503, at *1.

(6) With respect to Schneider's in limine request (6), pursuant to Rule 26(a)(1)(A) and (e)(1) of the Federal Rules of Civil Procedure and Rule 37(c)(1) of the Federal Rules of Civil Procedure, evidence not properly disclosed in discovery is subject to exclusion from evidence at trial. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003). Inasmuch as Schneider's in limine request (6) merely seeks to enforce procedural requirements that already are binding on the parties to this case, Schneider's in limine request (6) is **DENIED**. *See Latham v. Edelbrock Corp.*, Civil No. 07-713-GPM, 2009 WL 3156546, at *2 (S.D. Ill. Sept. 26, 2009) (citing *Wells Fargo Bank, N.A. v. Siegel*, No. 05-C-5635, 2007 WL 1118442, at *3 (N.D. Ill. Apr. 16, 2007)) ("[A] request that the parties to a case follow rules that already are binding on them is not an appropriate subject for a motion in limine[.]").

(7) With respect to Schneider's in limine request (7), the request is **GRANTED**. *See Sanford v. CBS, Inc.*, 594 F. Supp. 713, 717 (N.D. Ill. 1984) ("Rule 615 of the Federal Rules of Evidence provides that '[a]t the request of a party the court shall order witnesses excluded so that

they cannot hear the testimony of other witnesses[.]' This rule is mandatory – a trial judge may not deny a request to exclude.").

(8) With respect to Schneider's in limine request (8), the request is **DENIED.** *See Waldron v. Hardwick*, 406 F.2d 86, 89 (7th Cir. 1969) (holding that unit-of-time arguments are permissible if made subject to suitable cautionary instructions and other appropriate safeguards as necessary).

(9) With respect to Schneider's in limine request (9), the request is extremely vague and overbroad, and therefore Schneider's in limine request (9) is **DENIED**. *See Green*, 2010 WL 747503, at *1.

(10) With respect to Schneider's in limine request (10), the request is extremely vague and overbroad, and therefore Schneider's in limine request (10) is **DENIED**. *See Green*, 2010 WL 747503, at *1.

(11) With respect to Schneider's in limine request (11), the motion by Schneider that is the basis for this in limine request has been withdrawn by Schneider. *See* Doc. 166, Doc. 217. Accordingly, Schneider's in limine request (11) is **DENIED**.

To conclude, Schneider's motion in limine (Doc. 176) is **GRANTED in part** and **DENIED in part**. Schneider's in limine requests (1), (3), (4), and (7) are **GRANTED**. Schneider's in limine requests (2), (5), (6), (8), (9), (10), and (11) are **DENIED**.

**IT IS SO ORDERED.**

DATED: April 26, 2011

/s/ G. Patrick Murphy  
G. PATRICK MURPHY  
United States District Judge