IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID PAYNE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-559-GPM |
| ) | |
| SCHNEIDER NATIONAL CARRIERS, ) | Consolidated with: |
| INC., et al., ) | CIVIL NO. 10-258-GPM |
| ) | |
| Defendants/Cross-Claim Plaintiffs/ ) | |
| Cross-Claim Defendants. ) | |
| ) | |
| JEFF FOSTER TRUCKING, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DALE STUMBO, ) | |
| ) | |
| Third-Party Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion in limine brought by Cross-Claim Plaintiff Schneider International Carriers, Inc. ("Schneider") (Doc. 177). This case arises out of a major traffic accident that occurred on April 21, 2009, on Interstate 57 in Franklin County, Illinois, near the town of Benton. According to Illinois State Policeman Robert Ventura, Jr., a certified accident reconstructionist who performed an investigation of the accident giving rise to this case, the accident was a so-called "chain reaction" collision that happened approximately as follows. Plaintiff David Payne was traveling north on Interstate 57 when he was obliged to stop on the

highway due to road construction. According to Ventura, to Payne's south a northbound semi-truck owned and operated by Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Third-Party Plaintiff Jeff Foster Trucking, Inc. ("Jeff Foster"), then struck a semi-truck owned and operated by Teton Transportation, Inc. ("Teton"), from the rear. Ventura posits that the impact of the collision between the Jeff Foster truck and the Teton truck propelled the latter truck into the rear of a semi-truck owned and operated by Schneider, with the result that the Schneider truck struck David Payne's vehicle from behind. David Payne is pursuing a claim for negligence against Jeff Foster and his wife, Plaintiff Sherrie Payne, is pursuing a derivative claim against Jeff Foster for loss of consortium. Schneider is pursuing a claim against Jeff Foster for the damage to Schneider's truck caused by the April 2009 accident.

In the instant motion in limine Schneider seeks to exclude in limine before trial lay opinions about the causes of David Payne's injuries allegedly arising from the April 2009 accident and Mr. Payne's medical prognosis. It appears to the Court that this motion is moot. Although Schneider originally was a Defendant in this case, Schneider has settled the claims asserted against it by Mr. and Mrs. Payne and, as already has been noted, currently is pursuing only a claim for property damage against Jeff Foster, a claim that will not entail, of course, medical testimony of any kind. Also, Schneider's motion in limine is overbroad in that it seeks to exclude potentially relevant evidence. It is the case, of course, that issues of medical causation, involving as they do matters beyond the knowledge of ordinary jurors, must be proven through the use of expert testimony. *See, e.g., Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 n.3 (7th Cir. 2004); *Goffman v. Gross*, 59 F.3d 668, 672 (7th Cir. 1995). However, Schneider's motion in limine seeks to exclude "[a]ny . . . opinions [by Mr. and Mrs. Pyane] regarding their alleged injuries[.]" Doc. 177 at 1.

This request to exclude evidence in limine sweeps too broadly. Under Rule 701 of the Federal Rules of Evidence, Mr. Payne is entitled to offer lay opinion testimony about how he feels, restrictions on his daily life activities caused by his injury, and so forth. *See Hendrickson v. Cooper*, 589 F.3d 887, 893 (7th Cir. 2009) (allowing a plaintiff to testify to the pain in his back resulting from an alleged use of excessive force by a prison guard); *United States v. Cravens*, 275 F.3d 637, 640 (7th Cir. 2001) (allowing lay opinion testimony to establish the existence of a drug or alcohol problem); *Holleman v. Duckworth*, 700 F.2d 391, 395 (7th Cir. 1983) (permitting a plaintiff to testify as to his own medical symptoms). *Accord Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1197 (3d. Cir. 1995) (recognizing lay testimony as to health as "quintessential Rule 701 opinion testimony"). In general, of course, "[e]vidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose and, 'if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context.'" *Taylor v. Union Pac. R.R. Co.*, Civil No. 09-123-GPM, 2010 WL 5421298, at *1 (S.D. Ill. Dec. 27, 2010) (quoting *Greenwich Indus., L.P. v. Specialized Seating, Inc.*, No. 02 C 5000, 2003 WL 21148389, at *1 (N.D. Ill. May 16, 2003)). Because Schneider's motion in limine (Doc. 177) threatens to exclude relevant evidence, the motion is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: April 26, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge