IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID PAYNE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-559-GPM |
| ) | |
| SCHNEIDER NATIONAL CARRIERS, ) | Consolidated with: |
| INC., et al., ) | CIVIL NO. 10-258-GPM |
| ) | |
| Defendants/Cross-Claim Plaintiffs/ ) | |
| Cross-Claim Defendants. ) | |
| ) | |
| JEFF FOSTER TRUCKING, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DALE STUMBO, ) | |
| ) | |
| Third-Party Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion in limine brought by Cross-Claim Plaintiff Schneider International Carriers, Inc. ("Schneider") (Doc. 178). This case arises out of a major traffic accident that occurred on April 21, 2009, on Interstate 57 in Franklin County, Illinois, near the town of Benton. According to Illinois State Policeman Robert Ventura, Jr., a certified accident reconstructionist who performed an investigation of the accident giving rise to this case, the accident was a so-called "chain reaction" collision that happened approximately as follows. Plaintiff David Payne was traveling north on Interstate 57 when he was obliged to stop on the

highway due to road construction. According to Ventura, to Payne's south a northbound semi-truck owned and operated by Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Third-Party Plaintiff Jeff Foster Trucking, Inc. ("Jeff Foster"), then struck a semi-truck owned and operated by Teton Transportation, Inc. ("Teton"), from the rear. Ventura posits that the impact of the collision between the Jeff Foster truck and the Teton truck propelled the latter truck into the rear of a semi-truck owned and operated by Schneider, with the result that the Schneider truck struck David Payne's vehicle from behind. At the time of the accident giving rise to this case, the Schneider truck was being driven by Third-Party Defendant Dale Stumbo. Currently Schneider is pursuing a claim against Jeff Foster for the damage to Schneider's truck caused by the April 2009 accident.

It appears that, following the accident giving rise to this case, Stumbo received three citations from the Illinois State Police for violations of federal regulations promulgated by the Federal Motor Carrier Safety Administration of the United States Department of Transportation, to wit: not having an anti-lock brake system on his truck; having brakes that were out of adjustment; and having an inoperative turn signal. Schneider moves for the three citations issued to Stumbo to be excluded from evidence at trial in this case. Schneider and Jeff Foster agree that the inoperative turn signal on Stumbo's truck was caused by the April 2009 accident, so that the citation for the inoperative turn signal is not relevant evidence. Schneider and Jeff Foster disagree, however, as to the relevance of the two other citations issued to Stumbo for, respectively, not having anti-lock brakes on his truck and for having brakes that were out of adjustment. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Also, with exceptions not pertinent here, "[a]ll relevant evidence is admissible[.]" Fed. R. Evid. 402. Finally, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In this instance the Court believes that evidence showing that at the time the accident giving rise to this case occurred Schneider's driver Stumbo was operating a truck that did not have anti-lock brakes and that had brakes that were out of adjustment is irrelevant or, if relevant, likely to confuse the jury and prejudice Schneider. There is no evidence of record that the state of the brakes on the Schneider truck had any effect on the way the April 2009 accident occurred. In fact, though Ventura discussed in his deposition each of the violations for which the Schneider truck was cited, Ventura never opined that the violations affected the course of the accident in any way and even noted that the violations were not enough to take the Schneider truck out of service. Similarly, John Goebelbecker, the accident reconstructionist retained by Jeff Foster as an expert witness in this case, has never opined that the violations for which the Schneider truck was cited had any impact on the course of the April 2009 accident. Under the circumstances, then, the Court believes that the citations should be excluded from evidence at trial. Schneider's motion in limine (Doc. 178) is **GRANTED**.

    **IT IS SO ORDERED.**

    DATED: April 26, 2011

                                            /s/ G. Patrick Murphy  
                                            G. PATRICK MURPHY  
                                            United States District Judge