IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID PAYNE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-559-GPM |
| ) | |
| SCHNEIDER NATIONAL CARRIERS, ) | Consolidated with: |
| INC., et al., ) | CIVIL NO. 10-258-GPM |
| ) | |
| Defendants/Cross-Claim Plaintiffs/ ) | |
| Cross-Claim Defendants. ) | |
| ) | |
| JEFF FOSTER TRUCKING, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DALE STUMBO, ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion in limine brought by Cross-Claim Plaintiff Schneider International Carriers, Inc. ("Schneider") (Doc. 179). This case arises out of a major traffic accident that occurred on April 21, 2009, on Interstate 57 in Franklin County, Illinois, near the town of Benton. According to Illinois State Policeman Robert Ventura, Jr., a certified accident reconstructionist who performed an investigation of the accident giving rise to this case, the accident was a so-called "chain reaction" collision that happened approximately as follows. Plaintiff David Payne was traveling north on Interstate 57 when he was obliged to stop on the

highway due to road construction. According to Ventura, to Payne's south a northbound semi-truck owned and operated by Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Third-Party Plaintiff Jeff Foster Trucking, Inc. ("Jeff Foster"), then struck a semi-truck owned and operated by Teton Transportation, Inc. ("Teton"), from the rear. Ventura posits that the impact of the collision between the Jeff Foster truck and the Teton truck propelled the latter truck into the rear of a semi-truck owned and operated by Schneider, with the result that the Schneider truck struck David Payne's vehicle from behind. Currently Schneider is pursuing a claim against Jeff Foster for the damage to Schneider's truck caused by the April 2009 accident.

The driver of Jeff Foster's truck at the time of the April 2009 accident, Lawrence Rich, died in a post-collision fire. A report on Rich's death was prepared by Martin Leffler, the coroner of Franklin County. Leffler's report suggests, based on information furnished to Leffler by police at the accident scene, that the sequence of collisions in the accident was different from the sequence of collisions set out in Ventura's report on the accident. According to Leffler, Schneider's truck first hit Payne's car, then Teton's truck hit Schneider's truck and was hit in turn by Jeff Foster's truck:

> Traffic accident on Interstate 57 Northbound near mile marker 74 1/2, just North of the Northbound rest area. Three semi-trucks and a Chevrolet Avalanche were involved. First semi and Chevrolet Avalanche got together, then the second semi ran into the rear of the first semi, and then the third semi ran into the back of semi number two.

Doc. 106-8 at 1. Additionally, some handwritten notes apparently made by Leffler at the accident scene state, "Vehicle # 1 [Schneider's truck] was struck by Vehicle # 2 [Teton's truck] and Vehicle # 3 [Jeff Foster's truck] crashed into Vehicle # 2[.]" Doc. 179-1 at 5. Jeff Foster concedes that Leffler's opinions about the sequence of the April 2009 accident are hearsay (and hearsay within

hearsay), but contends that Leffler's opinion about the sequence of the accident should be allowed in evidence to impeach Ventura's testimony. The Court disagrees. This issue was addressed by the Court with specificity in an earlier order in this case. In that order, the Court noted that Jeff Foster's expert witness John Goebelbecker, an accident reconstructionist, was entitled to rely upon Leffler's hearsay statements in arriving at his, Goebelbecker's, opinion about the sequence of the April 2009 accident. *See Payne v. Schneider Nat'l Carriers, Inc.*, 737 F. Supp. 2d 969, 974 (S.D. Ill. 2010). However, the Court also ruled that Leffler's opinion about the sequence of the accident is not itself admissible in evidence by reason of its likely prejudicial effect and potential to confuse the jury. *See id*. at 975. The Court sees no reason to recede from that position at this juncture. Jeff Foster can rely on Goebelbecker's testimony to challenge that of Ventura. Accordingly, Schneider's motion in limine (Doc. 179) is **GRANTED**, and Leffler's opinion about the sequence of the April 2009 accident will not be admitted at trial for any purpose.[1]

    **IT IS SO ORDERED.**

    DATED: April 26, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1. As the Court noted in its earlier order in this case, Leffler's opinion about the cause of Lawrence Rich's death is admissible in evidence. *See Payne*, 737 F. Supp. 2d at 974 (citing Fed. R. Evid. 803(8)). However, the cause of Rich's death is not in dispute and the Court does not anticipate that it will be necessary at trial to put on evidence about this issue. The Court likely will ask the parties to stipulate at trial to the fact and cause of Rich's death, so that the jury will understand why Rich was not called to testify.