IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID PAYNE, et al., ) | |
| Plaintiffs, ) | |
| vs. ) | CIVIL NO. 09-559-GPM |
| SCHNEIDER NATIONAL CARRIERS, INC., et al., ) | Consolidated with: CIVIL NO. 10-258-GPM |
| Defendants/Cross-Claim Plaintiffs/ Cross-Claim Defendants. ) | |
| JEFF FOSTER TRUCKING, INC., ) | |
| Third-Party Plaintiff, ) | |
| vs. ) | |
| DALE STUMBO, ) | |
| Third-Party Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion in limine brought by Plaintiffs David Payne and Sherrie Payne (Doc. 180). This case arises out of a major traffic accident that occurred on April 21, 2009, on Interstate 57 in Franklin County, Illinois, near the town of Benton. According to Illinois State Policeman Robert Ventura, Jr., a certified accident reconstructionist who performed an investigation of the accident giving rise to this case, the accident was a so-called "chain reaction" collision that happened approximately as follows. David Payne was traveling north on Interstate 57 when he was obliged to stop on the highway due to road construction. According to Ventura, to

Payne's south a northbound semi-truck owned and operated by Defendant Jeff Foster Trucking, Inc. ("Jeff Foster"), then struck a semi-truck owned and operated by Teton Transportation, Inc. ("Teton"), from the rear. Ventura posits that the impact of the collision between the Jeff Foster truck and the Teton truck propelled the latter truck into the rear of a semi-truck owned and operated by Schneider National Carriers, Inc. ("Schneider"), with the result that the Schneider truck struck David Payne's vehicle from behind. David Payne currently is pursuing a claim for negligence against Jeff Foster; Sherrie Payne, his wife, asserts a derivative claim for loss of consortium. At this time Mr. and Mrs. Payne seek to exclude in limine before trial, currently set to begin in this case on August 2, 2011, at 8:00 a.m., any evidence or argument by Jeff Foster's counsel concerning contributory negligence on the part of Mr. Payne.

"[I]n general, federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials." *Green v. Goodyear Dunlop Tires N. Am., Ltd.*, Civil No. 08-472-GPM, 2010 WL 747503, at *1 (S.D. Ill. Mar. 2, 2010). The party seeking the exclusion of evidence in limine bears the burden of showing the propriety of such exclusion, and decisions regarding the exclusion of evidence in limine are committed to a court's sound discretion *See id*. "Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose. Correspondingly, 'if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context.'" *Juracek v. City of O'Fallon, Ill. Police Dep't*, Civil No. 05-787-GPM, 2007 WL 3407367, at *3 (S.D. Ill. Nov. 14, 2007) (quoting *Greenwich Indus., L.P. v. Specialized Seating, Inc.*, No. 02 C 5000, 2003 WL 21148389, at *1 (N.D. Ill. May 16, 2003)) (citations omitted). Obviously, evidence of Mr. Payne's contributory negligence, if any, is not inadmissible as evidence

under the demanding standard for exclusion of evidence in limine, as such evidence plainly goes to the matter of comparative fault. *See* 735 ILCS 5/2-1116; *Davis v. Consolidated Rail Corp.*, 788 F.2d 1260, 1266-67 (7th Cir. 1986); *Coney v. J.L.G. Indus., Inc.*, 454 N.E.2d 197, 200-01 (Ill. 1983). Accordingly, Mr. and Mrs. Payne's motion in limine to exclude evidence of Mr. Payne's contributory negligence will be denied. Jeff Foster should be aware that, unless it introduces sufficient evidence of Mr. Payne's contributory fault at trial, the Court likely will decline to instruct the jury on the matter of comparative fault. While a party is entitled, of course, to have the jury instructed on his or her theory of a case, refusal to give an instruction not supported by the evidence is proper. *See Alloy Int'l Co. v. Hoover-NSK Bearing Co.*, 635 F.2d 1222, 1226 (7th Cir. 1980); *Kirschner v. Broadhead*, 671 F.2d 1034, 1040 (7th Cir. 1982); *Leonteos v. Haase*, 410 F.2d 633, 637 (7th Cir. 1969). *Accord Wright v. Farmers Coop. of Ark. & Okla.*, 620 F.2d 694, 697 (8th Cir. 1980) ("The trial court should not instruct the jury on matters about which no evidence has been presented."). That being said, however, Mr. and Mrs. Payne's motion in limine (Doc. 180) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 26, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge