IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID PAYNE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-559-GPM |
| ) | |
| SCHNEIDER NATIONAL CARRIERS, ) | Consolidated with: |
| INC., et al., ) | CIVIL NO. 10-258-GPM |
| ) | |
| Defendants/Cross-Claim Plaintiffs/ ) | |
| Cross-Claim Defendants. ) | |
| ) | |
| JEFF FOSTER TRUCKING, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DALE STUMBO, ) | |
| ) | |
| Third-Party Defendant. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case, in which trial currently is set to begin on August 2, 2011, at 8:00 a.m., the undersigned judge presiding, is before the Court on two motions in limine brought by Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Third-Party Plaintiff Jeff Foster Trucking, Inc. ("Jeff Foster") (Doc. 192 and Doc. 196). In the motions in limine Jeff Foster requests that the Court take the following actions:

        (1)    exclude in limine before trial evidence or argument concerning settlement offers or negotiations;

(2) exclude in limine before trial evidence or argument concerning liability insurance, including the fact that Jeff Foster had liability insurance on the date of the accident giving rise to this case and that Jeff Foster and/or its liability insurance carrier is watching the trial, and prohibit questioning of jurors at voir dire about whether they or their family members work in the claims department of an insurance company;

(3) exclude in limine before trial evidence or argument that any witness appearing in this case has a questionable character or is associated with persons of such character;

(4) exclude in limine before trial evidence or argument concerning the size of the law firm representing Jeff Foster, and prohibit any objection or statement by an attorney in this case to the effect that any other attorney in the case has committed misconduct or any other speech or behavior by an attorney regarding the behavior, conduct or demeanor of any other attorney in the presence of the jury;

(5) exclude non-party witnesses from the courtroom during trial, except when testifying;

(6) exclude in limine before trial evidence or argument concerning the ethnicity, religious beliefs, character, and background of Plaintiffs David and Sherrie Payne and in particular any evidence or argument to the effect that, in light of their ethnicity, religious beliefs, character, and background, Mr. and Mrs. Payne would not exaggerate their claims in this case;

(7) exclude in limine before trial evidence or argument concerning the relative wealth or poverty of the parties to this case;

(8) exclude in limine before trial evidence or argument during closing statements that mischaracterizes the testimony of witnesses, and prohibit counsel from making improper

comments about the exclusion of evidence by the Court, addressing jurors by name, suggesting that Jeff Foster's counsel have withheld evidence and that Jeff Foster or its attorneys lack integrity, and commenting as to the truth or credibility of evidence based upon personal opinion or on personal knowledge of parties or witnesses;

  (9) exclude in limine before trial evidence not previously disclosed or produced in discovery; and

  (10) exclude in limine before trial expert opinions by witnesses in this case that have not been disclosed previously in discovery.

 Having considered the matter carefully, the Court rules on Jeff Foster's in limine requests in the following manner:

  (1) With respect to Jeff Foster's in limine request (1), the request is **GRANTED**. *See* Fed. R. Evid. 408 (in general, evidence of settlement negotiations and offers is inadmissible, save with exceptions not relevant here).

  (2) With respect to Jeff Foster's in limine request (2), the Court agrees with Jeff Foster that evidence concerning liability insurance generally is not admissible as evidence. *See* Fed. R. Evid. 411; *King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006). However, Jeff Foster's in limine request (2) is overbroad, inasmuch as Illinois law permits voir dire questions directed to prospective jurors about insurance under some circumstances. *See Saad v. Shimano Am. Corp.*, No. 98 C 1204, 2000 WL 1036253, at *16 (N.D. Ill. July 24, 2000) (citing *Wheeler v. Rudek*, 74 N.E.2d 601, 603 (Ill. 1947)). *See also Lentner v. Lieberstein*, 279 F.2d 385, 387 (7th Cir. 1960) (applying Illinois law on voir dire questions regarding insurance). Accordingly, because Jeff Foster's in limine request (2) is overbroad, it is **DENIED**. *See Taylor v. Union Pac.*

*R.R. Co.*, Civil No. 09-123-GPM, 2010 WL 5421298, at *1 (S.D. Ill. Dec. 27, 2010) (quoting *Greenwich Indus., L.P. v. Specialized Seating, Inc.*, No. 02 C 5000, 2003 WL 21148389, at *1 (N.D. Ill. May 16, 2003)) ("Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose and, 'if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context.'").

   (3) With respect to Jeff Foster's in limine request (3), the Court finds that the in limine request is overbroad, inasmuch as character evidence is admissible for some purposes. *See* Fed. R. Evid. 404(b) (character evidence is admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"). Jeff Foster's in limine request (3) is **DENIED**.

   (4) With respect to Jeff Foster's in limine request (4), it is **GRANTED**. *See Rosenberg v. Cottrell, Inc.*, No. 05-545-MJR, 2007 WL 2028789, at *4 (S.D. Ill. July 12, 2007) (ordering excluded in limine evidence or argument about the size of the law firm representing a defendant).

   (5) With respect to Jeff Foster's in limine request (5), the request is **GRANTED**. *See Sanford v. CBS, Inc.*, 594 F. Supp. 713, 717 (N.D. Ill. 1984) ("Rule 615 of the Federal Rules of Evidence provides that '[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses[.]' This rule is mandatory – a trial judge may not deny a request to exclude.").

   (6) With respect to Jeff Foster's in limine request (6), the Court agrees that the evidence and argument at issue are irrelevant, unduly prejudicial, and inadmissible for any

purpose. *See* Fed. R. Evid. 401; Fed. R. Evid. 403; *Taylor*, 2010 WL 5421298, at *1. Jeff Foster's in limine request (6) is **GRANTED**.

(7) With respect to Jeff Foster's in limine request (7), it is **GRANTED**. *See Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal.").

(8) With respect to Jeff Foster's in limine request (8), while the categories of evidence and argument at issue certainly appear to the Court to be irrelevant, unduly prejudicial, and inadmissible for any purpose, the Court believes that, in the unlikely event that any attorney in this case actually engages in the conduct challenged by Jeff Foster's in limine request (8) at trial, it probably is best for the Court to entertain objections to the challenged conduct at trial. Therefore, Jeff Foster's in limine request (8) is **DENIED**.

(9) With respect to Jeff Foster's in limine request (9), pursuant to Rule 26(a)(1)(A) and (e)(1) of the Federal Rules of Civil Procedure and Rule 37(c)(1) of the Federal Rules of Civil Procedure, evidence not properly disclosed in discovery is subject to exclusion from evidence at trial. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003). Inasmuch as Jeff Foster's in limine request (9) merely seeks to enforce procedural requirements that already are binding on the parties to this case, Jeff Foster's in limine request (9) is **DENIED**. *See Latham v. Edelbrock Corp.*, Civil No. 07-713-GPM, 2009 WL 3156546, at *2 (S.D. Ill. Sept. 26, 2009) (citing *Wells Fargo Bank, N.A. v. Siegel*, No. 05-C-5635, 2007 WL 1118442, at *3 (N.D. Ill. Apr. 16, 2007)) ("[A] request that the parties to a

case follow rules that already are binding on them is not an appropriate subject for a motion in limine[.]").

(10) With respect to Jeff Foster's in limine request (10), pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and Rule 37(c)(1) of the Federal Rules of Civil Procedure, expert opinions not properly disclosed in discovery are subject to exclusion from evidence at trial. *See Taylor v. Union Pac. R.R. Co.*, Civil No. 09-123-GPM, 2010 WL 5463132, at *2 (S.D. Ill. Dec. 29, 2010). Inasmuch as Jeff Foster's in limine request (10) seeks to enforce procedural requirements that already are binding on the parties to this case, the request is **DENIED**. *See Latham*, 2009 WL 3156546, at *2.

To conclude, Jeff Foster's first motion in limine (Doc. 192) is **GRANTED in part** and **DENIED in part**. Jeff Foster's in limine requests (1), (4), (5), (6), and (7) are **GRANTED**. Jeff Foster's in limine requests (2), (3), and (8) are **DENIED**. Jeff Foster's second motion in limine (Doc. 196) is **DENIED**. At trial Jeff Foster can renew its denied requests to exclude evidence. *See Juracek v. City of O'Fallon, Ill. Police Dep't*, Civil No. 05-787-GPM, 2007 WL 3407367, at *3 (S.D. Ill. Nov. 14, 2007) (quoting *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.*, 867 F. Supp. 686, 691 (N.D. Ill. 1994)) ("[A] court may 'entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.'").

**IT IS SO ORDERED.**

DATED: April 26, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge